IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| John Garvin, # 355509, | ) | Case No. 2:17-cv-1605-DCN-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| State of South Carolina, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff is a state prisoner incarcerated at Lee Correctional Institution in Bishopville, South Carolina. He is serving a twenty-five (25) year sentence for trafficking in heroin. Plaintiff's conviction was affirmed on appeal, *see State v. Garvin*, 2014 WL 6721427 (Ct.App.S.C. Nov. 26, 2014). On November 18, 2015, Plaintiff filed for state post-conviction relief ("PCR"). He is represented by counsel in the state PCR action. On June 19, 2017, Plaintiff (proceeding *pro se*) filed a "Notice of Removal" (DE# 1), attempting to remove the state PCR action to federal court. Plaintiff also seeks to enjoin the Spartanburg County Court of Common Pleas from holding its scheduled PCR hearing on June 30, 2017. (DE# 4). Having reviewed the record, the Court finds that the *pro se* Plaintiff is not entitled to removal to federal court and that this case must be **remanded** to state court for the following reasons:

I. **No Proper Basis for Removal of Pending State PCR Proceedings**

Plaintiff seeks to remove his pending state PCR proceeding to this federal court. As grounds for removal, Plaintiff complains that the Attorney General's office has not filed "a response to [his] PCR application within the time required by South Carolina Court Rules" and has not filed "a formal response to [his] *pro se* motions" in state court. (DE# 1 at 2). He

generally complains that the Attorney General has delayed what Plaintiff describes as his "right to relieve counsel" and has not complied "with South Carolina Rules and State statutes." (*Id.*). Plaintiff characterizes this as a violation of his constitutional rights to procedural due process and equal protection. (DE #1 at 1-2).[1]

Federal courts are courts of limited jurisdiction, and their power to adjudicate is limited to that granted by Congress. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As authority for removal, Plaintiff cites 28 U.S.C. § 1443(1), which provides for the removal of certain cases:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.

The United States Supreme Court has explained that:

> a removal petition under 28 U.S.C. § 1443(1) must satisfy a two-pronged test. First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality.... Second, it must appear in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State.

*Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (citing *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)); *and see, e.g., Lee–Bautista v. Bautista*, 633 F.App'x 148, 149 (4th Cir. 2016), *cert. denied*, 137 U.S. 69 (2016). Plaintiff's removal petition fails to satisfy such criteria. Plaintiff

---

[1] Although Plaintiff's "Notice of Removal" was initially docketed as a civil rights action, the document plainly indicates on its face that Plaintiff is seeking to remove the state PCR action. Moreover, Plaintiff seeks to have his criminal sentence vacated, which is not available as a civil remedy under 42 U.S.C. § 1983. Plaintiff is not suing the State of South Carolina for damages, and in any event, the state would be entitled to Eleventh Amendment immunity. *See Singleton v. 10 Unidentified U.S. Marshals*, No. 2:11–1811–TLW–JDA, 2011 WL 4970779, n. 16 (D.S.C. Sept. 1, 2011), *adopted by*, 2011 WL 5005271 (D.S.C. Oct.19, 2011).

does not identify or refer to any specific state law that purports to command the state courts to ignore his federal rights. The United States Supreme Court has explained that "under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state . . . law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court." *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966). Plaintiff identifies no such state law.

Plaintiff does not point to any facts suggesting a denial of equal civil rights, much less a racially-motivated denial of equal civil rights. *See United States ex rel. Fuller v. Coffey*, 299 F.Supp. 315, 316 (E.D.Wis. 1969) (explaining that a state prosecution may be removed to federal court only where there is a formal expression of state law which denies equal civil rights, and where the denial of equal civil rights is racially motivated); *State of N.Carolina v. Alston*, 227 F.Supp. 887, 890 (M.D.N.C. 1964) (remanding where removal petition failed to allege any discriminatory state statute); *State of S.Carolina v. Lindsey,* 741 F.Supp. 1217, 1218, n.3 (D.S.C. July 5, 1990) (finding that removal petition failed to satisfy either requirement for removal under § 1443(1) and was "clearly frivolous"). Plaintiff does not allege in his removal petition that his criticism of the Attorney General has anything to do with race, and his reference to equal protection of law is conclusory.

Plaintiff does not point to any state law that prohibits him from enforcing his civil rights in state court, nor does he point to anything that suggests that the state court would not enforce his civil rights. Plaintiff merely complains about the lack of a timely response brief and other purported shortcomings by the Attorney General, and makes the conclusory allegation that he has thereby been "deprived" of the "proper functioning and integrity of the [state] court." (DE #1 at 2). However, alleged "[p]rocedural errors, even those that allegedly violate constitutional

rights, do not justify resort to the removal statute [§ 1443] unless its terms are met." *People of State of New York v. Jenkins,* 422 F.Supp. 412, 415-16 (S.D.N.Y. Oct. 20, 1976). Nothing in the removal petition indicates that Plaintiff, who is represented by counsel in the state PCR proceeding, is unable to enforce his rights in state court. In fact, the state PCR proceeding is a mechanism intended to safeguard a state prisoner's rights, and a PCR decision may be appealed to state appellate courts. As the United States Supreme Court observed in *Johnson*, it is generally presumed that "the protection of federal constitutional or statutory rights [can] be effected in the pending state proceedings, civil or criminal." *Id.* at 219–20; *see also Stone v. Powell*, 428 U.S. 465, 493 n.35 (1976) ("State courts, like federal courts, have a constitutional obligation to safeguard personal liberties and to uphold federal law."). Upon exhaustion of available state remedies, a state prisoner may then seek federal habeas relief.

Removal jurisdiction is statutory, and federal courts may not construe jurisdictional statutes any broader than the statutory language allows. *See, e.g., Pennsylvania v. Arsad,* 2008 WL 5381378, *2 (E.D.Pa. Dec. 23, 2008). Under the plain language of 28 U.S.C. § 1443(1), Plaintiff's removal petition is incurably deficient. By its express terms, the statute allows a *defendant* to remove certain cases to federal district court, however, the statute does not allow a *plaintiff* to do so. *Id.*; *Ronan v. Stone*, 396 F.2d 502, 503 (1st Cir. 1968) (observing that § 1443 "provides for removal only by defendants"); *Guttman v. Silverberg,* 374 F.Supp.2d 991, 992-93 (D.N.M. 2005) (same, holding that § 1443 allows removal only by a defendant). Plaintiff has already been convicted of trafficking heroin. He is now the "Plaintiff" in his civil action for post-conviction relief. *See Walling v. State*, 172 F.3d 880, 1999 WL 76899, *1 (10th Cir. 1999) (observing that prisoner was not a "defendant" and could not remove state post-conviction proceeding to federal court; dismissing appeal as "legally frivolous"). "Merely because he was

once a defendant in the state criminal action does not make him one for purposes of state post-conviction relief and removal." *Id*.

Plaintiff has not shown any basis for removal of his state PCR proceeding to federal court under 28 U.S.C. § 1443(1). *See Attorney General ex rel. Mertz v. Yeager*, 464 F.2d 553, 554 (3d Cir. 1972) (holding that state prisoner's attempt to remove his state PCR proceeding to federal court was inappropriate and that there was "no legal basis" for federal removal under 28 U.S.C. § 1443); *Smith v. State of Ind.*, 622 F.Supp. 973, 976 (N.D.Ind. 1985) (holding that attempted removal of state post-conviction proceeding was inappropriate, and remanding to state court). This deficiency in Plaintiff's removal petition cannot be remedied by amendment.

Moreover, Plaintiff appears to be attempting to use the removal statute to interfere with the orderly progress of the state PCR proceedings. He may not do so. The United States Supreme Court has repeatedly recognized the "fundamental policy" against federal interference with state criminal prosecutions and related proceedings. *Younger v. Harris*, 401 U.S. 37, 44 (1971); *Middlesex County Ethics Comm. v. Garden State Bar Assoc.*, 457 U.S. 423, 431 (1982) (reiterating that federal courts should abstain from interfering with ongoing state proceedings).

For all these reasons, Plaintiff's attempted removal of his state post-conviction proceeding is improper, and this case should be remanded to state court.

## II.   Summary Remand is Appropriate

Although Plaintiff demands a hearing on his removal petition, no hearing is required before remand if the alleged grounds for removal are patently invalid on the face of the petition. *See State of N. Carolina v. Grant,* 452 F.2d 780, 781 (4th Cir. 1972) (affirming remand without hearing where removal petition was clearly insufficient); *Bell v. Taylor*, 509 F.2d 808, 810 (5th Cir. 1975) (no hearing required where allegations of removal petition were legally insufficient); *Yeager*, 464 F.2d at 554 (affirming denial of petition where prisoner's attempted removal of state

post-conviction proceeding was legally inappropriate); *Bar Assoc. of Baltimore City v. Posner*, 391 F.Supp. 76 (D.Md. 1975) (finding that §1443(1) petition for removal was "hopelessly defective" and that no evidentiary hearing was required before remanding); *State v. Paskins*, 2014 WL 202158, *3 (D.Del. Jan. 17, 2014) (summarily remanding, observing that prisoner was using "the removal statute [§ 1443] in a procedurally incorrect manner"); *Pennsylvania v. Mu-El*, 2008 WL 5146604, *1 (E.D.Pa. Dec. 5, 2008) (summarily remanding because removal petition failed to meet criteria of § 1443(1)); *Delaware v. Kellam*, 2012 WL 1641695, *1 (D.Del. May 8, 2012) (same, summarily remanding).

As already discussed, Plaintiff's petition fails to meet the requisite criteria for removal under 28 U.S.C. § 1443(1). The petition is clearly insufficient, and such deficiency cannot be remedied by amendment. No hearing is required. Summary remand is appropriate.

### III. Conclusion

Accordingly, it is hereby **ORDERED** that: 1) this case shall be **REMANDED** to state court; and 2) the remaining motions (DE# 3, 4) are **DISMISSED** as moot. The Clerk of Court is directed to close this case.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**June 30, 2017**
**Charleston, South Carolina**